UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE: ENRIQUE ANTONIO OCON, CASE NO.: 06-14878-AJC
CHAPTER 13 CASE

Debtor.
_____________________________________/

ENRIQUE ANTONIO OCON, ADV. PRO. NO.:

Plaintiff,

vs.

EQUINAMICS, CORP., and JANINE OCON,

Defendants.
____________________________________________________/

## COMPLAINT OF ENRIQUE ANTONIO OCON

**NOW INTO COURT**, through undersigned counsel, comes **ENRIQUE ANTONIO OCON**, the Plaintiff herein (Hereafter "Mr. Ocon"), and sues **EQUINAMICS, CORP.**, (Hereinafter "Equinamics"), and **JANINE OCON** (Hereafter "Ms. Ocon"), alleging as grounds therefore as follows; to wit,

## PRELIMINARY STATEMENT

1. This is a complaint challenging the validity and/or extent of Defendant Equinamics' interest in Mr. Ocon's property on the basis of the Federal Truth in Lending Act, 15 U.S.C. §§ 1601–1666j. The Debtor/Plaintiff Mr. Ocon seeks a determination that he is properly rescinding the transaction, including voiding the security and terminating his obligation to pay any charge in connection with the security on his home with this complaint, now technically titled in the name of the Defendant Equinamics, and that Equinamics has no claim whatsoever, whether secured or unsecured. In addition, Debtor/Plaintiff Mr. Ocon seeks: actual and statutory damages from





Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

Equinamics, for any initial disclosure errors and its failure to rescind under the Truth In Lending Act; remedies for the transaction under TIL, under Florida's usury laws; against all parties to quiet title in the property in Mr. and Ms. Ocon, and, seeking declaratory relief as to Janine Ocon that the security interest is also rescinded as to her interest in the property.

## JURISDICTION

2. Jurisdiction of the Bankruptcy Court in this matter is provided by 28 U.S.C. §§ 1334 and 157, as amended.

3. This is a core proceeding.

## PARTIES

4. The Debtor/Plaintiff, Mr. Ocon, is sui juris, an adult individual residing at 15036 SW 57 Terr., Miami, FL 33193.

5. Mr. Ocon is a debtor in this Court, having filed a bankruptcy petition pursuant to chapter 13 of the Bankruptcy Code.

6. Janine Ocon is not a debtor, but is the wife of the Debtor and an adult individual residing with her husband at 15036 SW 57 Terr., Miami, FL 33193, with an interest in the aforedescribed property subject to this adversary.

7. Defendant Equinamics is a creditor as defined by the Federal Truth in Lending Act 15 U.S.C. Sec. 1601 et. seq. (TILA) and 12 C.F.R. 226.1, et. seq. (Reg Z), as amended in 1995 and 1996 respectively by regularly extending home secured consumer credit transactions, in which a security interest is given by the consumer in their primary residence to secure repayment of the consumer credit transactions, on the consumer's primary residence in Miami-Dade County, Florida.



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

8. Defendants Equinamics, structured the September 21, 2004, transaction with Mr. and Ms. Ocon, as described below, to conceal the fact that it was a home secured consumer credit transaction, disguised within the following attached documents: Agreement; 1 Year Lease with First Right of Refusal; Special Warranty Deed; 2 Year Lease; Bill of Sale; Residential Lease Addendum; Addendum to Agreement; and, Letter (Hereafter "The Ocon Documents").

9. "The Ocon Documents" documents are not a "sale" but in fact a consumer credit transaction, and/or a "loan of money" under state law, and the "Special Warranty Deed" is a security interest, and or a mortgage under Fla. Stat. §697.01, in the Ocon's primary residence given to secure repayment of the consumer credit transaction, within the meaning of the Federal Truth in Lending Act, as further alleged below. Mr. Ocon attaches hereto a copy of The Ocon Documents as Composite Exhibit. "A".

**ALLEGATIONS COMMON TO ALL COUNTS**

10. This is an adversary proceeding seeking declaratory relief from this Court pursuant to 11 U.S.C. § 510 and Rule 7001 of the Federal Rules of Bankruptcy Procedure to: (i) determine the validity, priority and extent of certain interests held by the respective parties in and to certain property which is subject to the jurisdiction of this Court; (ii) establish that Defendant Equinamics, was a creditor in The Ocon/Equinamics September 21, 2004, consumer credit transaction subject to this adversary; that Equinamics violated the Federal Truth in Lending Act, 15 U.S.C. §1601 (Hereinafter TIL) and 12 C.F.R. 226.1 (Hereinafter Reg. Z) leading to Mr. and Ms. Ocon's extended right to rescind the transaction under TIL §1635 and Reg Z §226.23, and damages under TIL §1640; (iii) establish that The Ocon/Equinamics September 21, 2004, consumer credit transaction violated



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

Florida's usury laws; (iv) quiet title in the property in Mr. and Ms. Ocon free and clear from any claims which may be asserted by Equinamics; and (v) declare that when Mr. Ocon rescinded that the rescission was effective as to Ms. Ocon and her interest in the property is free and clear from any claims which may be asserted by Equinamics.

11. For several years prior to September 21, 2004, The Ocons owned and had title to their primary residence located at Lot 25 Block 2 of Calistoga Estates, according to the Plat thereof recorded at Plat Book 129 Page 62 of the Public Records of Dade County Florida, folio no.: 30 49280150630 with a street address of 15036 SW 57 Terr., Miami, FL 33193.

12. The Ocons deraign their title as follows:

a. On May 9, 1997, Michael Bulnes and Lourdes Bulnes conveyed to Enrique Ocon, by warranty deed recorded on May 20, 1997, at Book 17646 page 1293, Official Records of Dade County, Florida.

b. Mr. Ocon attaches hereto a copy of the above deed as Exhibit "B".

13. On and prior to September 21, 2004, the Ocons had an existing mortgage on their home originated by Interamerican Financial Services Inc. on May 9, 1997, with a principal balance starting at $114,877.00, then assigned to Countrywide Home Loans Inc. and as of September 21, 2004, a total balance of $168,680.43, a copy of the Interamerican Financial Services Inc. Mortgage, later assigned to Countrywide, is attached hereto as Exhibit "C" (hereafter "The Countrywide Mortgage").

14. The Countrywide mortgage referred to above was secured by the Ocon's primary residence at the time of execution and delivery of the mortgage, and the filing of the Countrywide

foreclosure suit.

15. Countrywide's mortgage and note required the Ocons to pay Countrywide an initial principal and interest payment of approximately $914.48, principal and interest, and contains a due on sale clause, Exhibit "C" ¶9.

16. Prior to September 21, 2004, beginning during the fall of 2000, Mr. and Ms. Ocon were facing serious financial difficulties, leading to the filing of a mortgage foreclosure complaint against them by Countrywide Case No.: 02-10650-CA 13 Dade County, Florida.

17. The Countrywide foreclosure complaint led to a Second Amended Final Judgment of Foreclosure dated August 23, 2004. The judgment required that The Ocons pay Countrywide the sum of $168,680.43 or the Clerk would conduct a public sale of The Ocon's home on September 23, 2004. Mr. Ocon attaches hereto a copy of the Second Amended Final Judgment of Foreclosure as Exhibit "D".

18. Prior to and during the pendency of the Countrywide foreclosure, The Ocons were anxious that they not lose their home and were actively looking for a source of money. The Ocons consulted with potential lenders for the purpose of obtaining a loan to prevent the foreclosure, but none of their efforts was successful.

19. The search led them to Equinamics who on September 21, 2004, agreed to lend the Ocons the sum of $44,710.00 to stop the September 23, 2004, foreclosure sale.

20. At the time the Ocons signed Equinamics' Ocon documents, Exhibit "A" , their home had a fair market value of approximately $265,000.00. The only secured debt against their home was the $168,680.43 Countrywide mortgage.



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

21. Equinamics agreed to lend The Ocons the sum of $44,710.00 to stop the September 23, 2004, foreclosure sale and "save The Ocon's home" under the following described consumer credit transaction secured by The Ocon's primary residence, disguised as the Ocon documents, Exhibit "A". (Collectively "The Sale Lease Option" or "SLO" ).

22. Equinamics proposed that The Ocons execute and deliver the "The Sale Lease Option" which according to Equinamics, and paraphrasing their words, would:

a. Constitute a temporary sale of The Ocon's home from The Ocons to Equinamics for the sum of the existing mortgages;

b. Rent The Ocon's home back to The Ocons for $19,200.00 or $1,600.00 per month, with an option to re-purchase their home approximately 1 year from the special warranty deed to Equinamics;

c. Allow The Ocons to remain in their home for the 12 month "rental" period without having to move or without turning over possession of The Ocon's home to Equinamics; and,

d. During the 12 month rental period, allow The Ocons to control the purported sale of the property at ¶11-13.

e. The Sale Lease Option contained a written option to purchase their home back from Equinamics for the initial sale price to Equinamics, all of Equinamics' costs, and what Equinamics called a $20,000.00 investor's interest.

23. Under the above proposed scheme, Equinamics prepared and required The Ocons to execute, and who then did execute, The Ocon documents Exhibit "A."

24. The Agreement ¶19 acknowledged that the Countrywide mortgage had a due on sale



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

clause and Equinamics required that the Ocons violate the terms of the Countrywide Mortgage by requiring the Ocons to refrain from telling their mortgagee of the special warranty deed.

25. Equinamics knew that The Ocon home was in foreclosure, and the Ocon Documents required The Ocons to cooperate with Equinamics to reinstate the existing mortgage. Equinamics knew the Countrywide mortgage existed and was in default when they signed the Ocon documents and Equinamics took title.

26. The Ocons paid and Equinamics collected $1,600.00 rent per month from The Ocons through the end of the 1 year lease in connection with The Ocon's sale lease option.

27. Whereupon on January 1, 2006, Equinamics and The Ocons entered into the 2 year lease whereby Equinamics would lease the home back to The Ocons for $33,600.00 or $1,400.00 per month, with an option to re-purchase their home in 2 years, or approximately 3 years after the special warranty deed to Equinamics.

28. In reality, Equinamics structured the transaction so that Equinamics would give an extension of credit to The Ocons in the approximate amount of $44,710.00 which sum would be used to bring the Countrywide mortgage current, and for the Ocons to pay Equinamics the monthly payments.

29. In reality, Equinamics structured the transaction so that the $19,200.00 or $1,600.00 per month lease payment during the 1st lease, and then the $1,400.00 per month during the 2nd lease would be used to pay The Ocon's approximately $914.48 principal and interest monthly mortgage payment to Countrywide, leaving approximately $685.52 per month as The Ocon's payment to Equinamics on the loan of $44,710.00 to reinstate the Countrywide mortgage.



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

30. In reality, Equinamics structured the transaction so that the $20,000.00 "re-purchase price" over the sale price from The Ocons to Equinamics would further repay Equinamics for lending The Ocons the approximate $44,710.00 The Ocons needed to finance to reinstate Countrywide's mortgage.

31. Equinamics further required that The Ocons retain all indicia of ownership of their home during the 12 month rental period; that is, on execution of The Deed, The Ocons did not leave their home, nor deliver possession of their home to Equinamics, and The Ocons continued to pay all the taxes, all the costs for upkeep, maintenance, insurance, and costs of utilities due on their home.

32. The net effect of the above agreements was that Equinamics held a security interest against The Ocon's home for a 12 month period, then another 24 month period, to secure the repayment of the loan of approximately $44,710.00 to reinstate the Countrywide mortgage, and Equinamics would realize a return of $685.52 per month in payments over the 12 months (total $8,226.24), then $485.52 for 24 months (total $11,652.48) prior to the exercise of the option to purchase, Equinamics paid approximately $914.48 per month for Countrywide's principal and interest mortgage payment.

33. The "repurchase premium" of $20,000.00 over the initial sale price from The Ocons to Equinamics, gave Equinamics a total return of $39,878.72 on their $44,710.00 investment for a 36 month period, which translates to more than 30% TIL APR and interest per annum for lending The Ocons the approximate $44,710.00 to reinstate the Countrywide mortgage.

34. Mr. Ocon has retained the undersigned to represent him and agreed to pay him a reasonable fee for his services.



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

**COUNT I - TRUTH IN LENDING VIOLATIONS**

35. Mr. Ocon re-adopts, re-alleges and reaffirms the material allegation of Paras. 1 through 34, and sues Equinamics alleging as follows; to wit,

36. At all times material hereto, this transaction was governed by the Federal Truth in Lending Act 15 U.S.C. Sec. 1601 et. seq. (TILA) and subject to the right of rescission as described by 15 U.S.C. Sec. 1635 and Reg. Z 226.23, as amended in 1995 and 1996 respectively.

37. Equinamics engaged in the business of extending consumer credit in Miami-Dade County, Florida.

38. At all times material hereto, Equinamics, in the ordinary course of its/their business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed by written agreement or payable in more than four installments.

39. On or about September 21, 2004, The Ocons entered a consumer credit transaction with Equinamics, as set forth in Exhibit "A", subject to a finance charge that was initially payable to Equinamics.

40. As part of this consumer credit transaction, Equinamics retained a security interest in The Ocon's primary residence. The described property is used as The Ocon's principal dwelling and was so at the time of the credit transaction.

41. The consumer credit transaction was subject to The Ocon's right of rescission as described by 15 U.S.C. §1635(a) & (i) and Reg. Z 226.23 as amended in 1995 and 1996 respectively.

42. In the consumer credit transaction, Equinamics violated 15 U.S.C. §1635(a) and Reg. Z 226.23(b) and the Official Comments of the Federal Reserve Board Staff [O.S.C.] to Reg Z 226.23



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

by failing to deliver to The Ocon two copies of a notice of the right to rescind which:

a. Identified the transaction;

b. Clearly and conspicuously disclosed the security interest in The Ocon's principal dwelling;

c. Clearly and conspicuously disclosed The Ocon's right to rescind the transaction;

d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of Equinamics and/or their assignor's place of business;

e. clearly and conspicuously disclosed the effects of rescission; and

f. clearly and conspicuously disclosed the date that the rescission period expired.

43. In the course of the consumer credit transaction, Equinamics failed to deliver all material disclosures required by TILA and Regulation Z including the following:

a. Failing to clearly and accurately disclose the amount financed and/or using that term, all in violation of Reg. Z 226.18(b) and 15 U.S.C. 1638(a)(2)(A).

b. Failing to clearly and accurately disclose the finance charge and/or using that term all in violation of Reg. Z 226.4, 226.18 and 15 U.S.C. 1638(a)(3).

c. Failing to clearly and accurately disclose the annual percentage rate and/or using that term all in violation of Reg. Z 226.18(e) and 15 U.S.C. 1638(a)(4).

d. Failing to properly disclose the number, amounts, and timing of payments scheduled to repay the obligation, in violation of Reg. Z 226.18(g) and 15 U.S.C. 1638(a)(6).

e. Failing to clearly and accurately disclose the total of payments and/or using that term



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

all in violation of Reg. Z 226.18 (h) and 15 U.S.C. 1638(a)(5).

44. Therefore, both Enrique Ocon and Janine Ocon have a continuing rescission right until the third business day after they receive the notices described above and all the material disclosures described above under 15 U.S.C. §1635 and Reg. Z 226.23(a)(3), Reg Z 226.23(b) and Official Staff Comments thereto.

45. Mr. Ocon rescinds the transaction and give notice of their intent to rescind by this adversary complaint.

46. As a result of the aforedescribed violations of TILA and Reg. Z, pursuant to 15 U.S.C. §1635(a), & 1635(i) and 1640(a) and (e), Equinamics is liable to Mr. Ocon for rescission of the transaction, termination of any security interest in the residence created under the transaction, return of any property or money given by Mr. Ocon to anyone, including Equinamics, in connection with this transaction, twice the finance charge in connection with the transaction in an amount not less than $200.00, the right to vest proceeds in Mr. Ocon, actual damages in an amount to be determined at trial, and reasonable attorney fees.

47. Equinamics is liable for rescission, actual and statutory damages and attorney fees under 15 U.S.C. §1640(a) and 15 U.S.C. §1635 for its own violation of TIL because Equinamics failed and refused to rescind and has required Mr. Ocon to judicially enforce his right to rescind under 15 U.S.C. §1635.

**WHEREFORE**, Enrique Ocon prays that this Honorable Court take jurisdiction of this case; rescind the transaction of September 21, 2004; order Equinamics to take all action necessary to terminate any security interest in The Ocon's property created under the transaction, including



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

voiding and or terminating the "special warranty deed" of record in Dade County Florida, that the Court declare all such security interests void, including but not limited to the Agreement; 1 Year Lease with First Right of Refusal; Special Warranty Deed; Homestead Affidavit; Affidavit; Bill of Sale; Assignment of Escrow Account; and, 2 Year lease related to the transaction of September 21, 2004; order the return to Mr. Ocon of any money or property given by Mr. Ocon to anyone, including Equinamics and or its assignee[s], in connection with the transaction; enjoin Equinamics during the pendency of this action and permanently thereafter from instituting prosecuting or maintaining foreclosure proceedings, and or any eviction proceedings against Mr. Ocon or The Ocon's property, or from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive and or defraud Mr. Ocon of ownership of that property; award Mr. Ocon §1640(a) actual and statutory damages against Equinamics individually, and or jointly and severally, as follows, twice the finance charge in connection with this transaction, for the initial TIL errors, and for the refusal to rescind, not less than $200 nor more than $2,000, as provided under 15 U.S.C. §1640(a) & (e) and or §1641; order that the right to retain proceeds vest in Ocon based on the above violations and the refusal to rescind; award actual damages in an amount to be established at trial, for the initial disclosure errors, for refusal to rescind, and at each rate change, and at each obligation to disclose under Reg Z 226.19, Reg Z 226.20(a) and Reg Z 226.20(c), the loss of the homestead exemption, the amount outstanding principal, interest, costs, fees, and advances owed to Countrywide, plus the amount owed for funds Mr. Ocon may have advanced on the Countrywide mortgage, including escrows, and prejudgment interest on all damages, including the rescission amount, and award costs and attorney fees as provided by 15 U.S.C. §1640(a)&(e), §1641, and Fla. Ch §57.105, and such other relief as this Court deems just and proper.

**ADVERSARY COUNT II - HOEPA VIOLATIONS**

48. Ocon re-adopts, re-alleges and reaffirms the material allegations of Paras. 1 through 34, and 36 through 47, and sues Equinamics, alleging as follows; to wit,

49. TIL §1639(a)(1), Reg Z 226.31 & Reg Z 226.32 applied to this transaction because TIL treats the minimum return in monthly payments over the 12 month period, and the "re-purchase premium" over the initial sale price, as finance charges under 15 U.S.C. §1605 and Reg Z 226.4, which leads to an Annual Percentage Rate in excess of 30% for lending The Ocons the approximate $44,710.00 to reinstate the Countrywide mortgage.

50. An Annual Percentage Rate in excess of 30% triggers the additional home equity disclosures required under 15 U.S.C. §1639 and Reg Z 226.32 according to the Treasury Bill test of Reg Z. 226.32.

51. Therefore, 15 U.S.C. §1639, Reg Z 226.31 and Reg Z 226.31 apply to the transaction in the Ocon Documents.

52. Equinamics violated §1639(a)(1) by failing to and/or failing to timely provide the following disclosures in conspicuous type size:

a. “"You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application."

b. "If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan."

53. Equinamics violated §1639(a)(2) by failing to provide (A) in the case of a credit transaction with a fixed rate of interest, the annual percentage rate and the amount of the regular



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

monthly payment; or (B) in the case of any other credit transaction, the annual percentage rate of the loan, the amount of the regular monthly payment, a statement that the interest rate and monthly payment may increase, and the amount of the maximum monthly payment, based on the maximum interest rate allowed pursuant to section 3606 of Title 12.

54. Equinamics violated §1639(b) by failing to give the required disclosure not less than 3 business days prior to consummation of the transaction.

55. Equinamics violated §1639(c) by taking a mortgage in which the consumer must pay a prepayment penalty for paying all or part of the principal before the date on which the principal is due and by using a method of computing a refund of unearned scheduled interest less favorable to the consumer than the actuarial method (as that term is defined in section 1615(d) of this TIL).

56. Equinamics violated §1639(e) by taking a mortgage whose terms include a term under which the outstanding principal balance could increase at any time over the course of the loan because regular periodic payments do not cover the full amount of interest due.

57. Equinamics violated §1639(f) by extending credit without regard to payment ability of the consumer.

58. Equinamics violated §1639(e) by taking a mortgage whose terms include a payment to a contractor under a home improvement contract from amounts extended as credit.

59. As the consequence of Equinamics's violations, TIL deems the violations a failure to deliver the material disclosures required under this title, for the purpose of §1635 of TILA.

60. Mr. Ocon is entitled to the special rescission and damage rules under 15 U.S.C. §1639, §1635(i)[1995], Reg Z 226.23(i)[1996], Reg Z 226.31 & Reg Z 226.32 and 15 U.S.C. §1640(a)(4).



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

**WHEREFORE**, Enrique Ocon prays that this Honorable Court take jurisdiction of this case; rescind the transaction of September 21, 2004; order Equinamics to take all action necessary to terminate any security interest in The Ocon's property created under the transaction, including voiding and or terminating the "special warranty deed" of record in Dade County Florida, that the Court declare all such security interests void, including but not limited to the Agreement; 1 Year Lease with First Right of Refusal; Special Warranty Deed; Homestead Affidavit; Affidavit; Bill of Sale; Assignment of Escrow Account; and, 2 Year Lease related to the transaction of September 21, 2004; order the return to Mr. Ocon of any money or property given by Mr. Ocon to anyone, including Equinamics and or its assignee[s], in connection with the transaction; enjoin Equinamics during the pendency of this action and permanently thereafter from instituting prosecuting or maintaining foreclosure proceedings, and or any eviction proceedings against Mr. Ocon or The Ocon's property, or from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive and or defraud Mr. Ocon of ownership of that property; award Mr. Ocon §1640(a) actual and statutory damages against Equinamics individually, and or jointly and severally, as follows, twice the finance charge in connection with this transaction, for the initial TIL errors, and for the refusal to rescind, not less than $200 nor more than $2,000, as provided under 15 U.S.C. §1640(a) & (e) and or §1641; order that the right to retain proceeds vest in Ocon based on the above violations and the refusal to rescind; award actual damages in an amount to be established at trial, for the initial disclosure errors, for refusal to rescind, and at each rate change, and at each obligation to disclose under Reg Z 226.19, Reg Z 226.20(a) and Reg Z 226.20(c), the loss of the homestead exemption, the amount outstanding principal, interest, costs, fees, and advances owed to Countrywide, plus the

amount owed for funds Mr. Ocon may have advanced on the Countrywide mortgage, including escrows, the special damages rules under §1640(a)(4), and prejudgment interest on all damages, including the rescission amount, and award costs and attorney fees as provided by 15 U.S.C. §1640(a)&(e), §1641, and Fla. Ch §57.105, and such other relief as this Court deems just and proper.

**ADVERSARY COUNT III - USURY**

61. Ocon re-adopts, re-alleges and reaffirms the material allegations of Paras. 1 through 34, and 36 through 47, and sues Equinamics, alleging as follows; to wit,

62. Florida Statute §687.02(1) provides in relevant part: "All contracts for the payment of interest upon any loan, advance of money, line of credit, or forbearance to enforce the collection of any debt, or upon any obligation whatever, at a higher rate of interest than the equivalent of 18 percent per annum simple interest are hereby declared usurious."

63. Florida Statute §687.03(1) provides in relevant part: "[I]t shall be usury and unlawful for any person . . . to reserve, charge, or take for any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money, or other obligation a rate of interest greater than the equivalent of 18 percent per annum simple interest, either directly or indirectly, by way of commission for advances, discounts, or exchange, or by any contract, contrivance, or device whatever whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of the equivalent of 18 percent per annum simple interest."

64. Equinamics is a creditor within the meaning of and or as defined by Fla. Stat. §687.0304(1)(b).

65. The Ocons are debtors within the meaning of and or as defined by Fla. Stat.



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

§687.0304(1)(c),

66. The above described transaction was a written credit agreement within the meaning of and or as defined by Fla. Stat. §687.0304(1)(a) and Fla. Stat. §687.0304(2).

67. Equinamics violated Fl. Stat. §687.03(1) by charging, reserving or collecting in connection with the above described consumer credit transaction an annual percentage rate in excess of 18%.

68. Equinamics willfully reserved, charged and collected from The Ocons more than the 18% legal rate on the above described consumer credit transaction, in violation of Fl. Stat. §687.04, which provides in relevant part: "Any person . . . willfully violating the provisions of s. 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity; and when said usurious interest is taken or reserved, or has been paid, then and in that event the person who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest shall forfeit to the party from whom such usurious interest has been reserved, taken, or exacted in any way double the amount of interest so reserved , taken, or exacted

69. Florida Statute §687.071(2) provides in relevant part: "(2) . . . any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 25 percent per annum but not in excess of 45 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083."

70. Florida Statute §687.071(3) provides in relevant part: "(3) . . . any person making an

extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 45 percent per annum or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."

71. In addition to or in the alternative, Equinamics violated Fl. Stat. §687.071(2) by charging, reserving or collecting in connection with the above described consumer credit transaction an annual percentage rate exceeding 25 percent per annum but not in excess of 45 percent per annum.

72. In addition to or in the alternative, Equinamics violated Fl. Stat. §687.071(3) by charging, reserving or collecting in connection with the above described consumer credit transaction an annual percentage rate exceeding 45 percent per annum.

73. Florida Statute §687.071(7) provides in relevant part: "(7) No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."

**WHEREFORE**, Mr. Ocon prays that this Honorable Court take jurisdiction of this case; order damages against Equinamics individually, and or jointly and severally, equal to double the alleged interest wrongfully charged to Mr. Ocon and paid to Equinamics; Forfeiture of all interest owing Equinamics on the above described consumer credit transaction; refuse to enforce any debt that may be owed to Equinamics; prejudgment and post judgment interest on all sums awarded, costs interest and attorneys fees under the consumer credit transaction documents, and or Fla. Stat. §57.105, and such other relief as this Court deems just and proper.



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

## ADVERSARY COUNT IV - QUIET TITLE

74. Mr. Ocon re-adopts, re-alleges and reaffirms the material allegations of Paras. 1 through 34, and 36 through 47, and sues Equinamics and Janine Ocon, alleging as follows; to wit,

75. This is an action to quiet title in land under Florida Statute §65.011 through §65.061.

76. Enrique Antonio Ocon and Janine Ocon are the rightful owners of land in fee simple located at Lot 25 Block 2 of Calistoga Estates, according to the Plat thereof recorded at Plat Book 129 Page 62 of the Public Records of Dade County Florida, folio no.: 30 49280150630 with a street address of 15036 SW 57 Terr., Miami, FL 33193.

77. Enrique Antonio Ocon and Janine Ocon conveyed title thereto under an Agreement with Equinamics as alleged above. A copy of the deed is attached hereto in Composite Exhibit "A".

78. The conveyance should be treated as a security interest and or mortgage, and not as a special warranty deed.

79. In addition and or in the alternative, the conveyance should be treated as void under the Truth in Lending Act as alleged above.

80. Equinamics assert or may assert a claim as owner to The Ocon's land, or pretend to have a right or title thereto, which may cast a cloud on the title of The Ocons who are the real owners, by virtue of the above mentioned special warranty deed.

81. Enrique Antonio Ocon is entitled to have the special warranty conveyance or other evidence of the claim on title canceled and the cloud removed from the title and to have the title quieted in the name of Enrique Antonio Ocon and Janine Ocon .

82. The Ocons deraign their title as alleged above.

**WHEREFORE**, Mr. Ocon prays that this Honorable Court take jurisdiction of this case;



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

find that Enrique Antonio Ocon and Janine Ocon have the legal title in and to the lands and or are the equitable owner thereof; enter judgment removing the special warranty deed cloud from the title to the land and forever quieting the title in Enrique Antonio Ocon and Janine Ocon and those claiming under them since the commencement of the action, and adjudging Enrique Antonio Ocon and Janine Ocon to have a good fee simple title to said land or the interest cleared of cloud, including an award of costs, interest and attorneys fees under the documents, and or Fla. Stat. §57.105, and such other relief as this Court deems just and proper.

## ADVERSARY COUNT V - DECLARATORY RELIEF

83. Ocon re-adopts, re-alleges and reaffirms the material allegations of Paras. 1 through 34, and 36 through 47, and sues Equinamics and Janine Ocon, alleging as follows; to wit,

84. This is an action for declaratory relief under 28 U.S.C. § 2201 and within the Court's jurisdiction.

85. Mr. Ocon and Janine Ocon are the rightful owners of land located at Lot 9, Block 61, Oriole Estates, Section 8 a subdivision according to the plat or map thereof described in Plat Book 65 at page 9 of the Public Records of Dade County Florida, with a street address of 3131 NW 42nd Street, Lauderdale Lakes, Florida, 33309-4222.

86. Mr. Ocon and Defendant Janine Ocon are joint owners of the subject property.

87. O.S.C. 226.23(a)(4)-1 entitled "Joint owners." states: "When more than one consumer has the right to rescind a transaction, any of them may exercise that right and cancel the transaction on behalf of all."

88. Therefore, O.S.C. 226.23(a)(4)-1 deems that both Enrique Antonio Ocon and Janine Ocon have rescinded the transaction under TIL and:



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

a. any security interest that Equinamics had was void as to both Mr. Ocons; and,

b. any obligation that both The Ocons had to pay Equinamics was terminated under TIL.

89. However, only Mr. Ocon is before the Court in bankruptcy.

90. Therefor, Mr. Ocon seeks a determination as to the existence, or nonexistence of the rights that Equinamics may have with respect to the subject property as to Janine Ocon's interest in the property.

91. Enrique Antonio Ocon is unsure of the existence or nonexistence of any immunity, power, privilege, or right that Equinamics may have with respect to Enrique Antonio Ocon and Janine Ocon under TIL with respect to both the Ocon's obligations on the debt and the security interest.

92. Such immunity, power, privilege, or right now exists or will arise in the future in the event the Court does not declare the rights of Janine Ocon under the agreements and the notice of rescission.

93. Mr. Ocon is in doubt about his or Janine Ocon rights under the documents, contracts, or other agreements and or instruments in writing.

94. Mr. Ocon is in doubt about his status with respect to the documents and equitable and or legal rights and relations are affected by TIL the regulations and Staff Comments made under this statutory authority, and is entitled to have any and all of his rights, duties, obligations and or liabilities and or questions arising under such statutes, regulations, staff comments, contracts, and or deeds, or other articles, or instruments in writing, or any part thereof determined and or his doubts removed and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

95. Mr. Ocon is in doubt as to whether Janine Ocon has also rescinded and is in doubt



Law Offices of Sherri B. Simpson, P.A. ✧ 517 S.W. 1 Ave. ✧ Fort Lauderdale, Florida 33301
Telephone: (954) 524-4141 ✧ Facsimile (954) 763-5117

as to the existence or nonexistence of his and or her rights, status, immunity, powers, or privileges and that he is entitled to have such doubt removed.

96. The above facts constitute and or create a bona fide, actual, present, dispute and a practical need for the declaration.

**WHEREFORE**, Mr. Ocon prays that this Honorable Court take jurisdiction of this case; enter a declaratory judgment; find that both Enrique Antonio Ocon and Janine Ocon properly and timely rescinded under the Federal Truth in Lending Act; that they have the legal title in and to the lands subject to this adversary and or are the legal and equitable owners thereof free of any claim of Equinamics; declare that both Enrique Antonio Ocon and Janine Ocon are entitled to a judgment removing the special warranty deed cloud from the title to their land and forever quieting the title in Enrique Antonio Ocon and Janine Ocon and those claiming under them since the commencement of the action and declaring and adjudging that Enrique Antonio Ocon and Janine Ocon have a good fee simple title to said land and or the interests thereby cleared of the cloud, and costs, interest and attorneys fees under the consumer credit transaction documents, and or Fla. Stat. §57.105, and such other relief as this Court deems just and proper.

**I HEREBY CERTIFY**, that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1 (A).

**LAW OFFICES OF SHERRI B. SIMPSON, P.A.**
517 S.W. 1 Ave.
Fort Lauderdale, Fla. 33301
(954) 524 - 4141 Telephone
(954) 763 - 5117 Facsimile
Email: sbsimpson53@aol.com
BY: /s/ Sherri Simpson
**SHERRI B. SIMPSON**
Florida Bar Number: 869491