UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO. 06-14878-BKC-AJC
                                                          CHAPTER 13
ENRIQUE ANTONIO OCON,

    Debtor.
_____/
ENRIQUE ANTONIO OCON,                                     ADV. NO. 06-2140-BKC-AJC-A

    Plaintiff,
vs.

EQUINAMICS, CORP. and
JANINE OCON,

    Defendants.
_____/

**EQUINAMICS, CORP.'S MOTION FOR
<u>SANCTIONS FOR FRAUD ON THE COURT</u>**

Defendant, Equinamics, Corp. ("Equinamics") through counsel, hereby files its Motion for Sanctions for Fraud on the Court, and, in support thereof, states:

<u>BACKGROUND</u>

1. On January 30, 2007 the Court convened a hearing on Equinamics' Motion to Dismiss, for Stay Relief, for Abstention, and Objections to Exemptions. In connection with Mr. Ocon's claim of being victimized by predatory lending practices, the Court, after hearing that Equinamics had made substantial payments for the purchase of the property, noted that if a loan were involved it would be "less predatory than stupid lending." In an effort to provide some plausibility to Mr. Ocon's claim, his counsel proceeded to deny that

CASE NO. 06-14878-BKC-AJC
ADV. NO. 06-2140-BKC-AJC

the payments Equinamics claimed to have made to Mr. Ocon were in fact made. *January 30, 2007 hearing transcript pp. 12 - 13*.

    2.    Concerned that conflicting representations were made about such basic facts, and, after unsuccessfully pressing for direct answers from Mr. Ocon's counsel on the issue *(January 30, 2007 hearing transcript pp. 34 - 35)*, the Court finally obtained a clear answer to its question:

> THE COURT:    Your client's position is, (1) they didn't receive $5,000 in cash, and, (2) they didn't receive $2,800 in cash; is that correct?
>
> MS. SIMPSON:    Correct.

*January 30, 2007 hearing transcript p. 36, l. 3 - 9.*

    3.    Towards the conclusion of the hearing the Court noted that it was "very much concerned over something which I find potentially distressing and that is a representation that a $5,000 payment was made to Mr. Ocon and that a $2,800 payment was made to Mr. Ocon; and on the other side, a denial that those payments were made. Next thing we are going to do in this matter, beyond today, is to set an evidentiary hearing on that sole issues. **I want to know who is telling me the truth and who is lying.**" *January 30, 2007 hearing transcript p. 55, l. 7 - 16.*

## THE EVIDENTIARY HEARING ON WHO WAS LYING

    4.    On January 31, 2007 the evidentiary hearing commenced as ordered by the Court. The hearing was scheduled for 30 minutes (*January 31, 2007 hearing transcript,*

2

CASE NO. 06-14878-BKC-AJC
ADV. NO. 06-2140-BKC-AJC

*p. 3, l. 1 - 3)* but went approximately 10 minutes beyond the scheduled time (*January 31, 2007 hearing transcript p. 29, l. 2 - 5)*.

5. Equinamics commenced the hearing by calling Mr. Ocon as an adverse witness, and, upon being shown Hearing Exhibit No. 1, he admitted receiving $5,000 as an advance on the final consideration of $19,000. *January 31, 2007 hearing transcript p. 6, l. 4 - 19.*

6. Mr. Ocon was next shown Hearing Exhibit No. 2, and was asked whether he received the $2,800 payment which his counsel had, the day before, claimed Mr. Ocon had not received. Mr. Ocon's testimony was that he did not remember one way or the other. *January 31, 2007 hearing transcript p. 7, l. 4 - 18.*

7. The balance of the hearing consisted of Mr. Juan Lievano of Equinamics testifying and authenticating documents, including banking records, to demonstrate that Mr. Ocon had received the $5,000 and $2,800 payments. While Mr. Ocon's counsel made many objections on direct examination and engaged in protracted cross-examination in an attempt to demonstrate that various agreements were "all one part of an integrated transaction" the Court again noted "That is not what we are here for. **We are here to determine who is a liar."** *January 30, 2007 hearing transcript pp. 29, l. 2 - 6.*

8. The Court found that while Ms. Simpson represented on January 30, 2007 that the $5,000 check and the $2,800 check had not been received by Mr. Ocon, both representations were proven by evidence the following day to have been false.

CASE NO. 06-14878-BKC-AJC
ADV. NO. 06-2140-BKC-AJC

## FRAUD ON THE COURT

9.    Mr. Ocon's counsel had an obligation to make reasonable inquiry as to the essential facts of the dispute.  Either they failed to do so and made representations to the Court without a good-faith foundation for doing so, or else Mr. Ocon lied to them, and they, as Mr. Ocon's agents, repeated those lies to the Court.  Either alternative is unacceptable as far as our system of justice is concerned.

10.    What makes these facts even more troublesome is that, rather than simply telling Equinamics and the Court prior to the commencement of the January 31, 2007 hearing that the representations made on January 30, 2007 were inaccurate, Mr. Ocon's counsel proceeded to put Equinamics to the burden and expense, and the Court to the waste of time, of conducting an evidentiary hearing to put the lie to the representations they of necessity knew by then were false.  Mr. Ocon *himself* admitted that one of the payments had been made and that he had no memory regarding the other one not being made (notwithstanding the substantial documentary evidence to show that both payments had been made).

11.    An attorney's "loyalty to the Court, as an officer thereof, demands integrity and honest dealing with the Court. And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the Court." *Kupferman v. Consolidated Research & Manufacturing Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972) [citing 7 Moore, Federal Practice, Par. 60.33 at 513]. Fraud on the court is a "species of fraud which does or attempts to, subvert the integrity of the court itself...." 7 Moore's Federal Practice ¶ 60.33

4

CASE NO. 06-14878-BKC-AJC
ADV. NO. 06-2140-BKC-AJC

at 515 (1971 ed.) See *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir.1972). A court has "inherent authority to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." *Figgie International, Inc. v. Alderman,* 698 So.2d 563, 567 (Fla. 3rd DCA 1997) (quoting *Anderson v. State,* 267 So2d 8 (Fla. 1972).

12.     An attorney may commit fraud on the court not only through misrepresentation, but also through omission. See *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250 (1944)("It is a wrong ... which ... cannot complacently be tolerated consistently with the good order of society....involv[ing] two victims: the individual litigant ... and the court itself, whose integrity is compromised by the fraudulent behavior of its officers.) "The very temple of justice [is] defiled." *Universal Oil Products v. Root Refining Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946). Here, the conduct on display before this Court "fails to comport with the standards of integrity required by the judicial system [and] [s]uch misconduct must be discouraged in the strongest possible way." *Andrews v. Palmas De Majorca Condominium,* 898 So.2d 1066,1070 (Fla. 5th DCA 2005).

13.     The remedies available for misrepresentations made to the Court include striking pleadings, entry of default, dismissal, and monetary sanctions*. See, Hanono v. Murphy, 723 So.2d 892, 895* (Fla. 3rd DCA 1998) ([A] party who has been guilty of a fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve [their] ends").

CASE NO. 06-14878-BKC-AJC
ADV. NO. 06-2140-BKC-AJC

14. In the instant case, as was the case in *Cabrerizo v. Fortune International Realty,* 760 So.2d 228 230 (Fla. 3rd DCA 2000), Mr. Ocon's counsel have "mindfully undermined the integrity of this Court by creating a mockery of the principles of justice through [their] deceitful misconduct. Such underhanded tactics in full derogation of our legal processes should be met with swift measures. Total expulsion from the category of persons who may avail themselves of the benefits of our court system should not be an afterthought, but should instead be the direct result of such egregious misconduct. *Id.*

15. The Court has many alternatives for punishing the conduct of Mr. Ocon and his lawyers, including rendering judgment in favor of Equinamics. At a minimum, this Court should certainly require Mr. Ocon's counsel to reimburse Equinamics for all of the attorney's fees and costs incurred in conjunction with proving to the Court that the payments representing a portion of the consideration for the sale of the real property at issue in this case had been made.

WHEREFORE, due to the foregoing, it is requested that this Court enter on order of dismissal with prejudice of Mr. Ocon's adversary complaint, and an award of attorney's fees and costs against Mr. Ocon and/or his counsel.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic transmission, facsimile and U.S. Mail this 8th day of February, 2007, to: **Sherri B. Simpson, Esquire**, 33 N.E. 2nd Street, Suite 208, Ft. Lauderdale, FL 33301-2803;

CASE NO. 06-14878-BKC-AJC
ADV. NO. 06-2140-BKC-AJC

**James A. Bonfiglio, Esquire,** P.O. Box 1489, Boynton Beach, FL 33425-1489; **Nancy Herkert**, P. O. Box 279806, Miramar, FL 33027; **Janine Ocon**, 15036 S.W. 56th Terrace, Miami, FL 33193; and to the **Office of the United States Trustee**, 51 S.W. 1st Avenue, Suite 1204, Miami, FL  33130.

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Robert B. Miller
Florida Bar No. 305685
TABAS, FREEDMAN, SOLOFF & MILLER, P.A.
Attorneys for Equinamics Corp.
25 Southeast 2nd Avenue, Suite 919
Miami, Florida 33131
Tel: (305) 375-8171
Fax: (305) 381-7708