

**ORDERED in the Southern District of Florida on March 29, 2007.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO. 06-14878-BKC-AJC
                                                              CHAPTER 13
ENRIQUE ANTONIO OCON,

      Debtor.
_____/
ENRIQUE ANTONIO OCON,                   ADV. PROC. NO. 06-2140-BKC-AJC-A

      Plaintiff,
vs.

EQUINAMICS CORP. and
JANINE OCON,

      Defendants.
_____/

### ORDER AWARDING SANCTIONS FOR FRAUD ON COURT

    **THIS CAUSE** came before the Court upon the _Order Granting Equinamics, Corp.'s_

_Motion for Sanctions for Fraud on the Court_.  In its order, the Court found the Debtor and

his attorneys made untrue statements to this Court which resulted in the Court having to

conduct several hearings to determine the relevant and material facts in this case.   The

hearings necessitated by the misrepresentations were a colossal waste of the Court's time and resources, as such hearings could have been avoided had the Debtor and/or his attorneys been forthcoming with the Court.

The order holds the Debtor and his attorneys jointly and severally liable for sanctions for the misrepresentations. The Court requested counsel for Equinamics, Corp. ("Equinamics") to submit an affidavit of fees and costs incurred in proving certain relevant facts and for obtaining relief, as more fully set forth in the order. The Court also provided the Debtor and his counsel an opportunity to object to the affidavit.

Counsel for Equinamics filed an affidavit seeking a total of $7,573.50 in fees and $347.20 in costs. Debtor's attorneys have filed objections and a supplement to the objections. The Court has reviewed the affidavit, the objections and the supplement and finds that an award of sanctions in the amount requested by Equinamics' counsel is appropriate. The objections, and supplement thereto, are inappropriate and without merit. The objections analyze the fees under 11 U.S.C. §330. However, the criteria used to award fees under section 330 of the Code is not the criteria used by this Court to award sanctions in the form of fees. The Court does not find duplication of time in the affidavit and does not believe the entries are unreasonable or excessive.

Based upon a review of the affidavit, and having considered the record in this case, it is

**ORDERED AND ADJUDGED** that

2

CASE NO.  06-14878-BKC-AJC
ADV. PROC. NO. 06-2140-BKC-AJC-A

1.    Sanctions are imposed against the Debtor and his attorneys, jointly and

severally, in the total amount of $7,920.70.

2.    The $7,920.70 sanction shall be paid to Joel Tabas, Esquire, attorney for

Equinamics, Corp. within 15 days from the date of this order.

3.    The Court reserves jurisdiction to enforce this order.

**###**

Copy furnished to:

Joel L. Tabas, Esquire
Tabas, Freedman, Soloff & Miller, P.A.
25 S.E. Second Avenue, Suite 919
Miami, FL 33131

Sherri B. Simpson, Esq.
Law Office of Sherri B. Simpson
33 NE 2nd Street Suite 208
Fort Lauderdale, Florida 33301-1036

Attorney Joel L. Tabas shall serve copies of this Order on all interested parties and file a certificate of service.

3