**TAGGED OPINION**



# ORDERED in the Southern District of Florida on March 29, 2007.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 06-14878-BKC-AJC |
| | CHAPTER 13 |
| ENRIQUE ANTONIO OCON, | |
|    Debtor. | |
| _____ / | |
| ENRIQUE ANTONIO OCON, | ADV. PROC. NO. 06-2140-BKC-AJC-A |
|    Plaintiff, | |
| vs. | |
| EQUINAMICS CORP. and JANINE OCON, | |
|    Defendants. | |
| _____ / | |

**ORDER DENYING EQUINAMICS CORP.'S MOTION**
**FOR THE COURT TO RETAIN JURISDICTION OVER ADVERSARY**

**THIS CAUSE** came before the Court on February 13, 2007, at 10:00 a.m., upon *Defendant, Equinamics, Corp.'s Motion for the Court to Retain Jurisdiction Over Adversary* (the "Motion") **(D.E. #10)**. The Court has reviewed the Motion, has reviewed *Mr. Ocon's*

*Response and Objection to Retain Jurisdiction* (the "Response") **(D.E. #18)**, and has heard argument of counsel.

The Motion asks this Court to exercise its discretion to retain jurisdiction over the adversary proceeding to prevent further manipulation of the judicial system by the Debtor/Plaintiff, Enrique Antonio Ocon ("Mr. Ocon") and his wife, Janine Ocon, ("Mrs. Ocon") who, it is argued, are serial filers presently engaged in forum shopping. The primary arguments in the Response for not retaining jurisdiction are because "relatively little time and expense has been expended so far in the case" and the "degree of difficulty of the related legal issues involved militates against retaining jurisdiction because the matter involves many complicated non-bankruptcy technical issues under the Federal Truth in Lending Act and state law issues involving what Mr. Ocon asserts is a complicated disguised financing transaction which the District Court or State Court are better equipped to handle."

The Court acknowledges that the case is at an early stage and agrees that this consideration supports Mr. Ocon's argument for not retaining jurisdiction. The Court does not agree, however, that the legal issues are too complicated for the Court to adequately address, and therefore rejects this argument in the Response. The Court therefore turns to the history of this matter to examine whether Equinamics, Corp.'s position regarding forum shopping and waste of judicial resources is well taken, and, if so, whether this countervails the age of the case in determining the issue at hand.

On September 29, 2006, Mr. Ocon filed a voluntary petition under Chapter 13 of the Bankruptcy Code **(Main Case D.E. #1)**, the same day that an eviction judgment was entered against him and Mrs. Ocon. Mr. Ocon and Mrs. Ocon are not strangers to the Bankruptcy Court, having filed the following cases:

  a.  02-18670-BKC-AJC;
  b.  03-19518-BKC-AJC;
  c.  03-13442-BKC-RAM;
  d.  04-10007-BKC-AJC; and
  e.  07-10679-BKC-RAM,

the first four of which were dismissed for failure to make plan payments. Mr. and Mrs. Ocon have now filed between them six (6) Chapter 13 bankruptcy cases in the past five years.

On December 19, 2006, Mr. Ocon filed the instant adversary case against Defendants, Equinamics, Corp. ("Equinamics") and Mrs. Ocon **(D.E. #1)**. Equinamics has answered **(D.E. #6)**, counterclaimed against Mr. Ocon **(D.E. #21)**, and cross-claimed against Mrs. Ocon **(D.E. #22)**. Both Mr. Ocon and Equinamics have propounded discovery consisting of interrogatories, requests for production, requests for admission, and a notice of deposition **(*See* D.E. #'s 11, 15, 23, and 40)**.

On December 4, 2006, Equinamics filed a *Motion to Dismiss, or in the Alternative, for Abstention or for Relief from the Automatic Stay and Objection to Confirmation of Chapter 13 Plan* (the "Motion to Dismiss")**(Main Case D.E. #20)**.[1] On January 4, 2007,

---

[1] Equinamics filed an Amended Motion to Dismiss on January 23, 2007 **(Main Case D.E. #49)**.

Equinamics filed an *Objection to Debtor's Claimed Exemptions* ("Objection") **(Main Case D.E. #32)**.  During the hearing held on January 30, 2007 on the Motion to Dismiss and the Objection, the Court ruled that this adversary lawsuit was not an exempt asset; and, on February 1, 2007 entered an Order memorializing this ruling **(Main Case D.E. #58)**.  On January 31, 2007, the Court held a continued hearing to determine whether Mr. Ocon's counsel, Sherri B. Simpson, Esquire ("Ms. Simpson") had lied to the Court about certain matters, and should be sanctioned.[2]  At the conclusion of the January 31st hearing, the Court granted Equinamics' request for relief from stay to proceed with its State Court eviction proceeding.

Thereafter, a series of court papers were filed in rapid succession by Ms. Simpson. On February 1, 2007, Ms. Simpson filed a Notice of Voluntary Dismissal With Prejudice of Mr. Ocon's Chapter 13 Case **(Main Case D.E. #57)** and, ten minutes later, she filed a Chapter 13 Voluntary Petition in Mrs. Ocon's name, bearing Case No. 07-10679-BKC-RAM.  This was odd; at the January 30th hearing Ms. Simpson had explained that Mr. Ocon was "forced" to sue Mrs. Ocon in the instant adversary to quiet title because Mrs. Ocon owned the property with her husband as tenants by the entireties but did not want to file bankruptcy.  Yet, somehow, two days later, Mrs. Ocon's reluctance to file had been overcome, and Ms. Simpson was now representing her in the bankruptcy case while at the same time suing her, on behalf of Mr. Ocon, in the adversary proceeding.

---

[2] By separate order, this Court found Ms. Simpson intentionally misrepresented certain material facts to this Court and imposed sanctions for those misrepresentations.

4

Upon filing Mrs. Ocon's bankruptcy case, Ms. Simpson failed to notify the Court of the related matters with Mr. Ocon, resulting in Mrs. Ocon's case being initially assigned to the Honorable Robert A. Mark. On February 2, 2007, Judge Mark granted *Equinamics Corp.'s Motion to Transfer Case Pursuant to Local Bankruptcy Rule 1073-1(B)(4)* and reassigned it to the undersigned. Thereupon, Mrs. Ocon promptly filed a Notice of Dismissal of her Chapter 13 case.

On February 2, 2007, Ms Simpson filed a *Motion to Strike 2/1/07 Order and Objection to Order Submitted After Dismissal* **(Main Case D.E. #61)**, in which, on behalf of Mr. Ocon, she attempted to circumvent the Court's determination that this adversary lawsuit was not an exempt asset, based upon the earlier filing of the notice of voluntary dismissal **(D.E. #57)** prior to the entry of a written order memorializing the Court's previously rendered decision. The Court denied that motion.

On February 12, 2007 Plaintiff filed *Mr. Ocon's Motion to Withdraw Reference* **(D.E. #28)** and *Mr. Ocon's Motion to Abate Adversary* **(D.E. #30)**. On February 13, 2007 Plaintiff filed *Mr. Ocon's Motion to Stay Pending Withdrawal of Reference* **(D.E. #35)**.

From the foregoing filings, it is apparent that Mr. Ocon does not wish to proceed with his lawsuit before this Court, and would prefer to proceed with the action elsewhere. *See e.g. ¶ 47 of Mr. Ocon's Motion to Stay Pending Withdrawal of Reference*. But, because Equinamics has already answered, and filed a counterclaim and a cross-claim, under Fed. R. Bankr. P. 7041, Mr. Ocon does not have the right to voluntarily dismiss this adversary without order of court. "A voluntary dismissal without prejudice is not a matter of right."

5

*Fisher v. P.R. Marine Mgmt., Inc.,* 940 F.2d 1502 (11th Cir. 1991). Under Fed.R.Civ.P. 41(a)(2), incorporated by Fed.R.Bankr.P. 7041, an action shall not be dismissed at the plaintiff's insistence save upon order of court and upon such terms and conditions as the court deems proper. "[T]he purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the defendant." *In re Leonard,* 112 B.R. 67, 72 (Bankr. D.Conn. 1990). The Rule provides the Court broad equitable discretion to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255-56 (11th Cir. 2001).

In ruling on a motion under Rule 41(a)(2), it is the defendant's interests which are to be protected. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). If a defendant will suffer legal harm, which is something more than the mere prospect of a second lawsuit, a voluntarily dismissal should be denied. *Holiday Queen Lamp Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974). Under the facts of this case, the Court believes no legal prejudice would result from dismissal of the adversary proceeding. Equinamics is continuing with its eviction action in State Court against the Debtor and may pursue its counter-claims and cross-claims in that forum. Moreover, the Court has imposed monetary sanctions against the Debtor and his attorney to reimburse Equinamics for its attorneys fees expended litigating certain matters before this Court; however, the attorneys fees expended relative to the counter and cross-claims would necessarily have been incurred in bringing those claims in State Court.

Ordinarily, the dismissal of a bankruptcy case will result in the dismissal of all pending adversary proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings.  However, the Eleventh Circuit Court of Appeals has ruled that the bankruptcy court has discretionary power to retain jurisdiction over an adversary complaint following dismissal of the underlying bankruptcy case, if cause is shown.  *In re Morris*, 950 F.2d 1531, 1534-35 (11th Cir. 1992). A bankruptcy court should exercise its discretion [to retain an adversary proceeding after dismissal of a bankruptcy] only sparingly; retention of jurisdiction over an adversary proceeding is the exception, not the rule.  *Morris*, 950 F.2d at 1534; *West Vernon Energy Corp. v. Daniels*, 2006 WL 1982772 (S.D.N.Y. June 19, 2006).

In *Morris*, the adversary proceeding had been pending for over four years and was ready for trial when the underlying bankruptcy case was dismissed. 950 F.2d at 1531. Under those circumstances, the Eleventh Circuit approved the retention of jurisdiction predicated on issues of judicial economy, fairness and convenience to the litigants, and the degree of difficulty of the related legal issues involved. The Court held that failure to retain jurisdiction over the adversary would result in the waste of judicial resources already expended in preparing the adversary for trial, and it would be unfair to the parties as they would be forced to begin again in another forum.

In light of the factors analyzed in *Morris*, the Court will decline to retain jurisdiction over the adversary proceeding *sub judice*.  950 F.2d at 1535.  Judicial economy would not be best served by retention.  This case is in its infancy with little time expended by the

litigants and the Court on the merits of the issues involved.  At the time of the request to retain jurisdiction, the case was slightly more than 6 weeks old. The pleadings are not closed. The summons has not been issued on Equinamics' cross-claim against Ms. Ocon. The parties have expended little time on the substantive issues in the case. This case is unlike *In re Porges*, 44 F.3d 159 (2d Cir. 1995), cited as support by Equinamics, wherein the bankruptcy court tried the adversary case prior to dismissal of the bankruptcy case and had the matter under advisement at the time of dismissal. Nor is this case like *Morris*, where the parties had already been in trial for four days and were more than halfway through the trial when dismissal occurred.  The fact that this dispute was at a preliminary stage of litigation in the bankruptcy court based on the pleadings means that the Court has little time invested in the resolution of the substantive legal dispute between the parties. Thus, judicial economy is not implicated here.  The adversary complaint has not progressed so far that judicial interference is needed to unravel or reserve the rights of the parties. *Morris*, 950 F.2d at 1535.

      Fairness and convenience to the litigants further militates against retaining jurisdiction because the matter can be litigated in District Court or State Court.  *See, West Vernon Energy Corp.*, 2006 WL 1982772.  Relatively little time and expense has been expended so far in the case, and all pleadings filed relative to the substantive issues in the case may be pursued in the State or District Court.  While it is true that Equinamics has expended time preparing pleadings and discovery, the information obtained in the current adversary proceeding should have some value in the State or District Court action.

Although the Court does not find the degree of difficulty of the related legal issues involved too complicated or technical, the Court believes the District Court or State Court are equally well equipped to resolve the issues.

Equinamics argues that, even where there is no legal prejudice, it is within the sound discretion of a court to condition a voluntarily dismissal upon the plaintiffs payment of defendant's attorneys fees and costs. *See e.g. Piedmont Resolution, LLC v. Johnston, Rivlin & Foley,* 178 F.R.D. 328 (D.D.C. 1998). In such instances "the burdens of re-litigation are appropriately cured by conditioning dismissal on the payment of costs for work and effort incurred in the first case that would not be of use in the second." *See, In re Aircrash Disaster at Stapleton Int'l Airport, Denver, Colorado*, 720 F.Supp. 1505, 1525 (B.Coll. 1989). The purpose of the rule is to protect defendants from undue prejudice or inconvenience caused by a plaintiff's premature dismissal." *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1340 (D.C.Cir. 1988).

This Court does not believe the dismissal of this adversary proceeding would cause Equinamics undue prejudice or inconvenience. The attorneys fees expended relative to the counter and cross-claims would necessarily have been incurred in bringing those claims in State Court; and, the Court has, by prior order, already imposed monetary sanctions against the Debtor and his attorneys to reimburse Equinamics for its attorneys fees expended litigating certain other matters before this Court.

Although this Court does not wish to allow Mr. and Mrs. Ocon to manipulate the system, evade this Court's rulings, or cause unnecessary delay in achieving a final

CASE NO. 06-14878-BKC-AJC
ADV. PROC. NO. 06-2140-BKC-AJC-A

adjudication of this matter, the Court does not believe that retaining jurisdiction in this case is appropriate where (i) no independent jurisdiction can be asserted, (ii) only a minimal amount of judicial resources has been expended on the matter and (iii) where no one would be inconvenienced by requiring the matter to be litigated in State or District Court. Accordingly, it is

**ORDERED** as follows:

1. *Equinamics, Corp.'s Motion to Retain Jurisdiction Over Adversary* is DENIED.

2. *Mr. Ocon's Response and Objection to Retain Jurisdiction,* which this Court deems as Mr. Ocon's motion for voluntarily dismissal under Rule 41(a)(2), is GRANTED.

3. Notwithstanding the dismissal of this adversary proceeding, the Court reserves jurisdiction to enforce its orders, including those orders imposing sanctions upon the Debtor and his counsel.

**###**

Copy furnished to:

Joel L. Tabas, Esquire
Tabas, Freedman, Soloff & Miller, P.A.
25 S.E. Second Avenue, Suite 919
Miami, FL 33131

Sherri B. Simpson, Esq.
Law Office of Sherri B. Simpson
33 NE 2nd Street Suite 208
Fort Lauderdale, Florida 33301-1036

Attorney Joel L. Tabas shall serve copies of this Order on all interested parties and file a certificate of service.